IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 132 PENSION FUND** <br><br> and <br><br> **TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 132 HEALTH AND WELFARE FUND** <br><br> and <br><br> **TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 132 ANNUITY AND SAVINGS FUND** <br><br> and <br><br> **TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 132 APPRENTICESHIP AND SKILL IMPROVEMENT FUND** <br><br> and <br><br> **INTERNATIONAL UNION OF OPERATING ENGINEERS OF WEST VIRGINIA LOCAL UNION #132** <br><br> Plaintiffs, <br><br> v. <br><br> **STONEGATE CONSTRUCTION, INC.** <br><br> Defendant. | Case No.  2:22-cv-3249 <br><br><br><br><br> **COMPLAINT** |

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et. seq.* Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145.

2. This action also arises under the Labor Management Relations Act of 1947 (LMRA) § 301(a), 29 U.S.C. § 185(a), granting jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Defendant's principal place of business is within the territorial jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division.

## PARTIES

4. The Fund Plaintiffs are trustees of trust funds, which maintain multiemployer retirement and welfare benefit plans within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Funds are administered in Cabell County, West Virginia.

5. Plaintiff, International Union of Operating Engineers of West Virginia Local Union #132 ("Union"), is a labor organization as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), and an employee organization as defined by ERISA § 3(4), 29 U.S.C. § 1002(4). The Union represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in Section 2(7) of the LMRA, 29 U.S.C. § 152(7); and ERISA § 3(12), 29 U.S.C. § 1002(12). The Union maintains its principal place of business at 606 Tennessee Avenue, Charleston, WV 25362.

6. Defendant, Stonegate Construction, Inc. ("Stonegate"), is an Ohio corporation with its principal place of business located in Washington County, Ohio. At all relevant times,

Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## **RELEVANT FACTS**

7. The International Union of Operating Engineers, Local 132 Health and Welfare Fund ("Health Fund") was established by an Agreement and Declaration of Trust ("Health Trust") for the purpose of providing healthcare benefits to eligible employees. (Exhibit 1, Health Trust, Sec. 2.01, at p. 4). The Health Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1). The Health Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

8. The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5). The Health Fund Board of Trustees is the "plan sponsor" of the Health Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

9. The Health Fund Board of Trustees is vested with the authority to collect employer contributions due to the Health Fund. (Exhibit 1, Health Trust, Section 5.01, at p. 11).

10. The International Union of Operating Engineers, Local 132 Pension Fund ("Pension Fund") was established by an Agreement and Declaration of Trust ("Pension Fund Trust") for the sole purpose of providing pension benefits to certain eligible employees and their beneficiaries. (Exhibit 2, Pension Trust, Sec. 2.01, at p. 4). The Pension Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The Pension Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

11. The Pension Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the

LMRA, 29 U.S.C § 186(c)(5). The Pension Fund Board of Trustees is the "plan sponsor" of the Pension Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

12. The Pension Fund Board of Trustees is vested with the authority to collect employer contributions due to the Pension Fund. (Exhibit 2, Pension Trust, Section 5.01, at p. 11).

13. The Trustees of the International Union of Operating Engineers, Local No. 132 Annuity and Savings Fund ("Annuity Fund") was established by an Agreement and Declaration of Trust ("Annuity Trust") for the sole purpose of providing annuity and savings benefits to certain eligible employees and their beneficiaries. (Exhibit 3, Annuity Trust, Sec. 2.01 at p. 3). The Annuity Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The Annuity Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

14. The Annuity Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The Annuity Fund Board of Trustees is the "plan sponsor" of the Annuity Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

15. The Annuity Fund Board of Trustees is vested with the authority to collect employer contributions due to the Annuity Fund. (Exhibit 3, Annuity Trust, Sec. 5.01, at p. 8).

16. The International Union of Operating Engineers, Local 132 Apprenticeship and Skill Improvement Fund ("Apprenticeship Fund") was established by an Agreement and Declaration of Trust ("Apprenticeship Trust") for the purpose of providing an apprenticeship and training program to eligible participants. (Exhibit 4, Apprenticeship Trust, Sec. 2.01, at p. 6). The Apprenticeship Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3);

29 U.S.C. § 1002(1). The Apprenticeship Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

17. The Apprenticeship Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5). The Apprenticeship Fund Board of Trustees is the "plan sponsor" of the Apprenticeship Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

18. The Apprenticeship Fund Board of Trustees is vested with the authority to collect employer contributions due to the Apprenticeship Fund. (Exhibit 4, Apprenticeship Trust, Section 5.01, at p. 13).

19. The Funds have adopted Collection Policies and Procedures, governing the collection of contributions and other amounts owed to the Funds. (Exhibit 5, Collection Policy).

20. On July 20, 1998, Defendant executed an Acceptance of Agreement. (Exhibit 6, p. 2). By executing the Acceptance, Defendant assented to and became bound by the West Virginia Heavy Construction Agreement and Highway Agreement collective bargaining agreement ("CBA") then in force between the Constructor's Labor Counsel of West Virginia, Inc. and the Union, including any subsequent agreements or renewals thereof. *Id*. A copy of the relevant CBA in effect during the Audit Period, which was entered into on December 1, 2018, is attached hereto as Exhibit 7.

21. In addition to its assent to the CBA, Stonegate expressly agreed to be bound by the timely pay contributions to the Health, Pension, Annuity, and Apprenticeship Funds. (Exhibit 6, p. 1). Furthermore, Stonegate bound itself to the terms of the Funds' respective Trust Agreements. *Id*. The required contribution rates are expressed in the CBA (Exhibit 7, CBA, p. 13-14).

Contributions are due by the 15th day of the month following the month in which the work was performed. (Exhibit 5, Collection Policy).

22. The terms of the CBA further obligate Stonegate to deduct certain dues and assessments from the wages of covered employees and remit them to the Union monthly. (Exhibit 7, CBA, p. 14).

23. Plaintiffs' third-party auditor conducted an audit of Stonegate's books and records, in order to verify the employer's compliance with its obligation to remit contributions and deductions, during the period of January 1, 2019 through October 31, 2021 ("the Audit Period"). The resulting audit report disclosed a material underpayment of contributions to the Funds and deductions to the Union during the audit period. (Exhibit 8, Audit Report).

24. Despite due demand for payment of the delinquent contributions and deductions disclosed by the audit, Stonegate has refused or otherwise failed to comply.

## COUNT I

### Failure to Remit Contributions
### ERISA § 515, 29 U.S.C. § 1145

25. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

26. At all relevant times, Stonegate was a party to and agreed to abide by the terms of the CBA for work performed.

27. Stonegate has agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibit 6, p. 2).

28. Pursuant to the CBA, Trust Agreements, and Collection Policy adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 7; CBA, p. 13-15; Exhibit 1, Health Trust, Sec. 6.03, at p. 13; Exhibit 2, Pension Trust, Sec. 6.03 at p. 13; Exhibit 3, Annuity

6

Trust, Sec. 7.01, at p. 11-12; Exhibit 4, Apprenticeship Trust, Sec. 6.03 at p. 15; Exhibit 5, Collection Policy).

29. The Funds' Collection Policy requires Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibit 5, Collection Policy).

30. As disclosed by the audit, Stonegate failed to timely report all hours of covered work performed and timely remit all contribution payments as required by the CBA, Trust Agreements, and Collection Policy. As a result, Defendant owes contributions as follows:

      a. Health Fund - $11,133.73 (excluding fringes reported to IOUE Local 18)
      b. Pension Fund - $2,874.00 (excluding fringes reported to IOUE Local 18)
      c. Annuity Fund - $5,478.63
      d. Apprenticeship Fund - $4,424.63

31. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, accrued and accruing interest, and attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

## COUNT II

**Breach of Contract & Failure to Remit Contributions and Deductions**
**LMRA § 301, 29 U.S.C. § 185**

32. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

33. At all relevant times, Stonegate was a party to and agreed to abide by the terms of the CBA for work performed.

34. Stonegate has agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibit 6, p. 2).

35. Pursuant to the CBA, Trust Agreements, and Collection Policy adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and

remit full and correct contribution payments to the Funds. (Exhibit 7; CBA, p. 13-14; Exhibit 1, Health Trust, Sec. 6.03, at p. 13; Exhibit 2, Pension Trust, Sec. 6.03 at p. 13; Exhibit 3, Annuity Trust, Sec. 7.01, at p. 11-12; Exhibit 4, Apprenticeship Trust, Sec. 6.03 at p. 15; Exhibit 5, Collection Policy).

36. The terms of the CBA further obligate Stonegate to deduct certain dues and assessments from the wages of covered employees and remit them to the Union monthly. (Exhibit 7, CBA, p. 13-14).

37. The Funds' Collection Policy requires Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibits 5, Collection Policy).

38. As disclosed by the audit, Defendant failed to timely report all hours of covered work performed and timely remit all contribution payments as required by the CBA, Trust Agreements, and Collection Policy. As a result, Defendant owes contributions as follows:

   a. Health Fund - $11,133.73 (excluding fringes reported to IOUE Local 18)
   b. Pension Fund - $2,874.00 (excluding fringes reported to IOUE Local 18)
   c. Annuity Fund - $5,478.63
   d. Apprenticeship Fund - $4,424.63

39. The audit further disclosed that Defendant failed to remit all deductions required by the CBA. As a result, Defendant owes deductions to the Union as follows:

   a. IUOE Training - $291.58
   b. OLMC - $9,883.80
   c. WV Heavy Highway Dues - $6,177.38
   d. ACT Foundation - $883.73
   e. Organizing Fund - $589.15
   f. Administrative Dues - $8,765.67

40. Defendant's conduct is in breach of the CBA, Trust Agreements, and Collection Policy, and Plaintiffs are therefore entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III

**Failure to Pay Liquidated Damages, Interest, and Audit Costs
ERISA § 515, 29 U.S.C. § 1145**

41.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

42.     At all relevant times, Stonegate was a party to and agreed to abide by the terms of the CBA for work performed.

43.     Stonegate has agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibit 6, p. 2).

44.     Pursuant to the CBA, Trust Agreements, and Collection Policy adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 7; CBA, p. 13-14; Exhibit 1, Health Trust, Sec. 6.03, at p. 13; Exhibit 2, Pension Trust, Sec. 6.03 at p. 13; Exhibit 3, Annuity Trust, Sec. 7.01, at p. 11-12; Exhibit 4, Apprenticeship Trust, Sec. 6.03 at p. 15; Exhibit 5, Collection Policy).

45.     The Collection Policy adopted by Plaintiffs requires contributing employers to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. (Exhibit 5, ¶ 1). If contributions are delinquent, liquidated damages equal to 10% of the delinquent contributions are assessed. (Exhibit 5, Collection Policy ¶ 5). Delinquent contributions are also subject to interest at the rate of 18% per year, beginning the date after the due date. *Id*.

46.     As disclosed by the audit, Defendant failed to timely report all hours and timely remit all contribution payments for covered work performed during the Audit Period. As such, Plaintiffs are entitled to liquidated damages and interest on Defendant's delinquent contributions.

47. Further, because an audit was necessary to determine the amounts due, Stonegate is obligated to pay the Funds' audit costs. (Exhibits 1, 2, 4, Health Fund Trust, Pension Trust, and Apprenticeship Trust, Sec. 6.09(c) (as amended)).

48. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145 and Plaintiffs, therefore, are entitled to liquidated damages and/or late fees pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

## COUNT IV

**Breach of Contract & Failure to Pay Liquidated Damages, Interest, and Audit Costs
LMRA § 301, 29 U.S.C. § 185**

49. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

50. At all relevant times, Stonegate was a party to and agreed to abide by the terms of the CBA for work performed.

51. Stonegate has agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibit 6, p. 2).

52. Pursuant to the CBA, Trust Agreements, and Collection Policy adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 7; CBA, p. 8; Exhibit 1, Health Trust, Sec. 6.03, at p. 13; Exhibit 2, Pension Trust, Sec. 6.03 at p. 13; Exhibit 3, Annuity Trust, Sec. 7.01, at p. 11-12; Exhibit 4, Apprenticeship Trust, Sec. 6.03 at p. 15; Exhibit 5, Collection Policy).

53. The Collection Policy adopted by Plaintiffs requires contributing employers to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. (Exhibit 5, ¶ 1). If contributions are delinquent, liquidated damages equal to 10% of the delinquent contributions are assessed. (Exhibit 5, Collection Policy

¶ 5). Delinquent contributions are also subject to interest at the rate of 18% per year, beginning the date after the due date. Id.

54. As disclosed by the audit, Defendant failed to timely report all hours and timely remit all contribution payments for covered work performed during the Audit Period. As such, Plaintiffs are entitled to liquidated damages and interest on Defendant's delinquent contributions.

55. Further, because an audit was necessary to determine the amounts due, Stonegate is obligated to pay the Funds' audit costs. (Exhibits 1, 2, 4, Health Fund Trust, Pension Trust, and Apprenticeship Trust, Sec. 6.09(c) (as amended)).

56. Defendant's actions are in breach of the CBA, Trust Agreements, and collection policies, and Plaintiffs, therefore, are entitled to liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief:

A. Judgment in favor of the Fund Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for covered work performed, in the amounts set forth above, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

B. Judgment on behalf of the Fund Plaintiffs and against Defendant for accumulated interest at the rate of 18% per year, compounded annually, for late delinquent contributions from their respective due dates, and liquidated damages equal to 10% of the delinquent contributions, in such amounts as will be established at the time of dispositive motion or trial;

C. Judgment for Plaintiffs' audit costs, in accordance with the Funds' Collection Policy;

D. Judgment in favor of the Union and against Defendant for unremitted deductions, in the amounts set forth above, as provided in the CBA;

E. An award of reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D); and

F. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

    Respectfully submitted,

    s/ Thomas R. Kendall
    Thomas R. Kendall (0080996)
    LEDBETTER PARISI LLC
    5078 Wooster Road, Suite 400
    Cincinnati, Ohio 45226
    937-619-0900
    937-619-0999 (fax)
    tkendall@fringebenefitlaw.com
    *Counsel for Plaintiffs*